**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn H Force, | No. CV-25-02137-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| County of Wood, et al., | |
| Defendants. | |

*Pro se* Plaintiff Shawn Force ("Plaintiff") has filed a Complaint against Defendants Wood County, Wisconsin, and the Wood County Circuit Court in Wisconsin ("Defendants"). (Doc. 1). Plaintiff appears to assert two claims against Defendants under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights. (*Id*. at 1–2). Plaintiff has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2). Upon review, Plaintiffs' Application, signed under penalty of perjury, indicates that he is financially unable to pay the filing fee. (*See id*). So, the Court will grant Plaintiffs' Application and allow him to proceed *in forma pauperis* ("IFP"). However, screening Plaintiff's IFP Application under 28 U.S.C. § 1915(e)(2), as the Court must, it finds that it does not have personal jurisdiction over Defendants.

**I.    Legal Standard**

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i)    is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1]  In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

  Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. Coll. Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted).  Therefore, section 1915 applies to this non-prisoner IFP Complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Auto. Grp., Inc.*, 2013 WL 97767, at *2 n.1 (D. Idaho Jan. 8, 2013).

1   enhancement." *Id*. at 557.

2   The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

## II. Personal Jurisdiction

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998). "Federal courts may raise a jurisdictional issue *sua sponte*." *Bridge Aina Le'a, LLC v. State of Hawaii Land Use Comm'n*, 125 F. Supp. 3d 1051, 1059 (D. Haw. 2015), *aff'd*, 950 F.3d 610 (9th Cir. 2020) (*Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)).

Federal courts have personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Arizona courts may exercise personal jurisdiction "to the maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2. Due process requires "certain minimum contacts" such that the lawsuit "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. Since *International Shoe*, courts separate personal jurisdiction into "general" and "specific" jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A defendant is subject to a court's general jurisdiction where its activities in the forum state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Id*. Specific jurisdiction, on the other hand, exists when the lawsuit "aris[es] out of or [is] related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) ("*Hall*").

The plaintiff "need only demonstrate facts that[,] if true[,] would support

jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (citations omitted). If neither general nor specific jurisdiction is present, then the Court must dismiss Plaintiff's complaint. *See Total Seal, Inc. v. Performance Motorsports, Inc.*, 2009 WL 2762046, at *1 (D. Ariz. Aug. 28, 2009) (dismissing the action for lack of personal jurisdiction over the defendant).

### A. General Jurisdiction

General jurisdiction exists where the nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014). A federal court may exercise personal jurisdiction over a defendant consistent with due process only if the defendant has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Plaintiff has not pled facts that allow the Court to assert general jurisdiction over Defendants—as is his burden. *See Schwarzenegger*, 374 F.3d at 800. Plaintiff merely alleges that *he* is a resident of Arizona (Doc. 1 at ¶ 19) and that two previous cases filed in this district, *Force v. Wood County*, 2:24-cv-01247-SMM & *Force v. Brazeau*, 2:24-cv-00037-DDG, "offered no remedy or no way to stop these people from abusing Mr. Force using lawfare in both Wisconsin and in New York." (*Id*. at ¶¶ 18–19). These allegations focus on Plaintiff's contacts with Arizona and Defendants' actions in Wisconsin and New York—not Defendants actions in this State. Plaintiff does not allege that Defendants acted within the state of Arizona at all, much less that its actions within this state were "substantial" or "continuous and systematic." *Daimler*, 571 U.S. at 126-27. Thus, the Court concludes that it does not have general jurisdiction over Defendant.

### B. Specific Jurisdiction

Specific jurisdiction arises when a defendant's contacts with the forum give rise or relate to the claim in question. *Hall*, 466 U.S. at 414–16. "A court exercises specific

jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conduct activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted). The contacts "must be the defendant's own choice" and "must show that the defendant deliberately reached out beyond its home." *Id.* (citations omitted).

Again, although Plaintiff states *he* is a resident of Arizona, Plaintiff does not allege any facts establishing that Defendants have contacts with the state of Arizona, much less a "substantial connection." *See Glencore*, 284 F.3d at 1123. Thus, the Court finds that it does not have specific jurisdiction over Defendants either.

### III.  Conclusion

Because the Court does not have general or specific jurisdiction over Defendants, the Court finds that Plaintiff has failed to meet his burden to prove that the Court has personal jurisdiction over Defendant.[3] Therefore, it must dismiss Plaintiff's Amended Complaint under Rule 12(b)(2). *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("jurisdiction in [this] forum would deprive the defendant[s] of due process of law.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint (Doc. 1) is **DISMISSED**.

---

[3] The Court also notes that Defendants may be non-jural entities who are immune from being sued. *See Williams v. City of Mesa Police Dep't*, 2009 WL 2568640, at *2 (D. Ariz. Aug. 18, 2009) ("An action cannot be brought against a state or county agency that lacks the authority to sue and be sued.") (citation omitted); *see also Munoz v. Superior Court of Los Angeles Cty.*, 91 F.4th 977, 981 (9th Cir. 2024) (recognizing that federal courts "have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity.").

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 23rd day of June, 2025.

Honorable Diane J. Humetewa
United States District Judge